UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY C. JOHNSON, | No. 2:17-cv-2525 JAM AC P |
| Petitioner, | |
| v. | ORDER |
| SCOTT KERNAN et al., | |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 22, 2018, the court docketed petitioner's motion to stay and abey his federal habeas petition pursuant to Rhines v. Weber, 544 U.S. 269 (2005). ECF No. 23. Petitioner has also filed a copy of a habeas petition captioned for the California Supreme Court and accompanied by a note stating that it is "for Exhaust Only in the event this court does not agree petitioner had previously Exhausted all his claims." ECF No. 25. Due to the overwhelming demands on the court's docket, the motion for stay cannot be adjudicated immediately. However, petitioner is not required to await resolution of the pending motion before returning to state court to properly exhaust his state court remedies. Petitioner is advised that filing his exhaustion petition with this court will not exhaust his state court remedies; he must file the petition in the appropriate state court. In the event that petitioner exhausts any claims in the California Supreme Court prior to this court's resolution of the pending motion, petitioner is

1

advised to file a notice of exhaustion in this court.

Petitioner has also filed a motion for reconsideration for appointment of counsel (ECF No. 24), which the court will construe as a renewed motion for counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. <u>Nevius v. Sumner</u>, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A(a)(2) authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." Petitioner requests counsel based on the fact that respondent has filed a motion to dismiss and he has mobility limitations and limited access to the prison law library. ECF No. 24. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at this time. Delays in petitioner's ability to respond to the motion to dismiss can be addressed by extending his time for filing a response.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent is hereby directed to file an opposition or a notice of non-opposition to petitioner's stay and abeyance motion within thirty days from the date of this order. Petitioner's reply, if any, is due fourteen days thereafter.

2. If petitioner exhausts any claims in the California Supreme Court prior to this court's resolution of the pending motion, petitioner shall file a notice of exhaustion in this court.

3. Petitioner's request for appointment of counsel (ECF No. 24) is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

4. Within thirty days of service of this order, petitioner shall file an opposition or a notice of non-opposition to respondent's motion to dismiss.

DATED: July 9, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Although petitioner has filed a motion for stay (ECF No. 23), it is not clear whether the motion was also intended as his response to the motion to dismiss.

2