UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY C. JOHNSON,<br><br>    Petitioner,<br><br>    v.<br><br>SCOTT KERNAN, et al.,<br><br>    Respondents. | No. 2:17-cv-2525 JAM AC P<br><br><br><br>ORDER |

    Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    After respondent moved to dismiss the petition as unexhausted (ECF No. 22), petitioner moved for a stay and abeyance (ECF No. 23). Before the court could rule on either motion, petitioner filed a motion to amend that also advised the court that he had exhausted his state court remedies. ECF No. 35. The court then denied the motion for stay as moot, granted petitioner's request for leave to amend, and vacated the motion to dismiss. ECF No. 36. Petitioner was warned that if he did not file a motion to amend, the case would proceed on his original petition. Id. Petitioner then filed a request for an extension of time to file amended petition, on the ground that he was unable to access the law library to make copies of his documents. ECF No. 37. At the same time, he also filed a motion to amend. ECF No. 38. However, it is not clear whether the motion to amend is intended as a supplement to the original petition or as a request for leave to

1

file an amended petition. Id. Shortly after petitioner filed his motions for an extension of time and for leave to amend, he filed a motion for sanctions and injunctive relief, in which he alleges denial of access to the law library. ECF No. 39. In response to petitioner's filings, respondent has filed a request for clarification as to how petitioner intends to proceed and for a briefing schedule. ECF No. 40.

Respondent's request for clarification will be granted, and petitioner will be required to clarify whether he intends to file an amended petition, or whether his intention was to supplement the original petition with the arguments in his motion to amend. The request for a briefing schedule will be granted to the extent the court will set a briefing schedule once the status of the petition has been resolved. Because it appears that petitioner may have already submitted his intended amendment, and if he has not, a time for doing so will be provided, his motion for an extension of time will be denied. Petitioner's motion for injunction and sanctions will also be denied. To the extent petitioner is seeking release from custody as relief, such relief is not proper as a remedy for lack of access to the law library. Furthermore, to the extent petitioner is attempting to bring challenges related to his conditions of confinement, such complaints must be pursued in a separate civil rights action under 42 U.S.C. § 1983.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an extension of time (ECF No. 37) is denied.

2. Petitioner's motion for sanctions and injunctive relief (ECF No. 39) is denied without prejudice to petitioner pursuing his claims in a separate civil rights action under 42 U.S.C. § 1983.

3. Respondent's request for clarification (ECF No. 40) is granted. Within fourteen days of the filing of this order, petitioner must advise the court whether he intends to file an amended petition or whether his intention was to supplement the original petition with the arguments in his motion to amend. If petitioner does not respond, the court will assume that he intended to supplement his original petition with the arguments contained in the motion to amend.

////

////

2

4. Respondent's request for a briefing schedule (ECF No. 40) is granted to the extent a briefing schedule will be set up on resolution of the status of the petition.

DATED: March 18, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE