UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY C. JOHNSON, | No. 2:17-cv-2525 JAM AC P |
| Petitioner, | |
| v. | ORDER |
| SCOTT KERNAN, et al., | |
| Respondents. | |

By order filed March 19, 2019, petitioner was directed to clarify whether his motion to amend was intended as a supplement to the original petition or whether he was seeking to file an amended petition. ECF No. 41. Petitioner has now clarified that the motion to amend was meant as a supplement. ECF No. 43. The motion to amend will therefore be deemed a motion to supplement, the motion will be granted, and respondent will be directed to file a response.

Petitioner has also filed a motion to appoint counsel (ECF No. 42) and requested that the court reconsider its denial of his request for sanctions and injunctive relief (ECF No. 43 at 3). There currently exists no absolute right to appointment of counsel in habeas proceedings. Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A(a)(2) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." Petitioner asserts that he requires counsel because of his limited access to the law library. ECF No. 42. However, respondent is being ordered to respond to the petition and petitioner is not required to

1

take any further action until a response has been filed. The court therefore does not find that the interests of justice would be served by the appointment of counsel at the present time.

The request for sanctions and injunctive relief was denied because to the extent petitioner was seeking release from custody as relief, such relief was not proper as a remedy for lack of access to the law library, and to the extent it appeared that he was attempting to bring challenges related to his conditions of confinement, such complaints must be pursued in a separate civil rights action under 42 U.S.C. § 1983. Petitioner has not alleged any new facts that alter the previous decision. ECF No. 43. To the extent petitioner may be seeking an order requiring that he be given access to the law library, as noted above, there is currently nothing for petitioner to do in this case until respondent has filed a response to the petition. Therefore, the court will not issue an order requiring that he be given access to the law library. Furthermore, even if petitioner did have a pending deadline, he has not shown that an extension of time would not be sufficient to cure any issues that may arise from his limited access.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to amend (ECF No. 38) is deemed a motion to supplement the petition and is granted.

2. Respondent is directed to file a response to petitioner's habeas petition (ECF No. 1), as supplemented (ECF No. 38), within sixty days from the date of this order. See Rule 4, 28 U.S.C. foll. § 2254. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, 28 U.S.C. foll. § 2254.

3. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer.

4. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondent's reply, if any, shall be filed and served within fourteen days thereafter.

5. Petitioner's motion for appointment of counsel (ECF No. 42) is denied.

////
////

6. Petitioner's request to reconsider the denial of his motion for sanctions and for injunctive relief (ECF No. 43) is denied.

DATED: April 4, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE