UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY C. JOHNSON,<br><br>                 Petitioner,<br><br>     v.<br><br>SCOTT KERNAN, et al.,<br><br>                 Respondents. | No.  2:17-cv-02525-DAD-AC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR HABEAS RELIEF<br><br>(Doc. Nos. 1, 62) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2013 conviction in the Solano County Superior Court for rape of an incompetent person with infliction of great bodily injury in violation of California Penal Code § 261(a)(1).  (Doc. No. 1.)  In his petition, petitioner asserts the following claims:  (1) his rights under the Ex Post Facto Clause were violated because his victim was not placed in conservatorship by her mother until after she became pregnant by petitioner; (2) his due process and confrontation rights were violated when his defense counsel was prohibited from cross-examining the victim's mother and the investigating officer about their earlier preliminary examination testimony; (3) his conviction was constitutionally defective because there was insufficient evidence introduced at trial to establish that he knew or should have known that his victim was incapable of consenting to intercourse due to a developmental disability; and (4) ineffective assistance of trial counsel for failing to conduct a reasonable

1

1    investigation and to contact experts.  (*Id.* at 6–7.)  The matter was referred to a United States
2    Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

3          On April 24, 2024, the assigned magistrate judge issued findings and recommendations
4    recommending that the pending petition for federal habeas relief be denied on the merits.  (Doc.
5    No. 62.)  In those extensive and well-reasoned findings and recommendations, each of
6    petitioner's claims were analyzed and addressed in light of the state court's rulings and the
7    applicable legal standards governing the granting of federal habeas relief.  (*Id.* at 1–15.)  In doing
8    so, the magistrate judge concluded with respect to each of petitioner's claims that there was
9    nothing objectively unreasonable about the state court's rejection of those claims under 28 U.S.C.
10   § 2254(d)  (*Id.*)  Accordingly, it was recommended that the pending petition for federal habeas
11   relief be denied.  (*Id.* at 16.)

12         The findings and recommendations were served on petitioner with notice that any
13   objections thereto were to be filed within twenty-one (21) days of the date of their service.  (*Id.*)
14   On June 18, 2024, after receiving an extension of time in which to do so, petitioner filed his
15   objections to the findings and recommendations.  (Doc. No. 65.)  Respondent filed a response to
16   petitioner's objections on July 5, 2024.  (Doc. No. 66.)

17         In his objections, petitioner merely reiterates his arguments advanced in support of his
18   petition which were thoroughly and appropriately addressed in the pending findings and
19   recommendations.  In large part, petitioner's objections essentially repeat his contention that the
20   evidence was insufficient to support his conviction because it failed to establish beyond a
21   reasonable doubt that he knew or should have known that the victim lacked the capacity to
22   consent. (Doc. No. 65 at 1–4.)  Petitioner also argues the insufficiency of the evidence based
23   upon what he concedes is new evidence that did not exist or was not presented at the time of his
24   trial.  (*Id.* at 2–7.)  As the findings and recommendations properly concluded (Doc. No. 62 at 10),
25   such new evidence not presented to the jury cannot provide the basis for federal habeas relief on
26   an insufficiency of the evidence claim.  Finally, nothing presented in petitioner's objections calls
27   into question the conclusion reached in the findings and recommendations that his ineffective
28   /////

assistance of trial counsel claim lacks merit.[1]  In short, petitioner's objections fail to provide any basis for questioning the correctness of the detailed analysis of his claims set forth in the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the undersigned concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis.  Therefore, the findings and recommendations will be adopted and petitioner's request for federal habeas relief will be denied on the merits.

In addition, the court declines to issue a certificate of appealability.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability if "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part."  *Miller-El*, 537 U.S. at 338.  In the present case, the court concludes that reasonable jurists would not find the court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Therefore, the court will decline to issue a certificate of appealability.

/////

/////

---

[1] Petitioner's objections present no argument as to his claims based upon the Ex Post Facto Clause and due process/confrontation rights due to the asserted limitation placed upon the defense cross-examination of prosecution witnesses.

3

Accordingly:

1. The findings and recommendations issued on April 24, 2024 (Doc. No. 62) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is denied;
3. The court declines to issue a certificate of appealability (28 U.S.C. § 2253(c)); and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **August 22, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4